**ADULT FILM ASSOCIATION OF AMERICA, INC., A California Corporation, Plaintiff-Counter Defendant-Appellee,**

v.

**Robert C. THETFORD, Jr., An Individual, et al., Defendants-Counter Plaintiffs-Appellants.**

No. 85–1104.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1985.

---

Robert C. Thetford, Jr. pro se.

Richard A. Anderson, Dallas, Tex., Lappen & Lappen, Jonathan Bailey Lappen, Santa Monica, Cal., for plaintiff-counter defendant-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Appellant Robert Thetford appeals from the district court's denial of his motion for a default judgment. Appellee Adult Film Association of America, Inc., seeks damages, double costs, and attorneys fees on the ground that the appeal is frivolous for lack of a final order. We dismiss the appeal for want of jurisdiction, and deny the claim for damages and attorneys fees.

I.

Appellee Adult Film Association of America, Inc., ("AFAA") sued Appellant Robert Thetford ("Thetford"), alleging that Thetford had infringed AFAA's copyright by exhibiting an AFAA film without permission. Thetford, proceeding pro se, filed an answer, counterclaim and "cross-claim." It seems from the record that AFAA failed to respond to Thetford within the appropriate time period of twenty days. Thetford did not request the clerk to enter a default pursuant to Fed.R.Civ.P. 55(a), but instead proceeded directly to the district judge, filing a motion for default judgment on the counterclaim and cross-claim. The district judge denied the motion for default judgment under Fed.R.Civ.P. 55(b)(2), finding that Thetford's counterclaim failed to state a cause of action. Thetford subsequently moved for permission to amend his counterclaim. This motion was granted. Thetford

now appeals the district court's denial of his motion for default judgment.

## II.

We find that the district court's order denying a default judgment under Fed. R.Civ.P. 55(b)(2) is not an appealable final order within the meaning of 28 U.S.C. § 1291. *Washington v. Foti,* No. 85–3241 (5th Cir. July 15, 1985) (unpublished); *McNutt v. Cardox Corp.,* 329 F.2d 107, 108 (6th Cir.1964). Admitting that the district court's order may not be technically final under 28 U.S.C. § 1291, Thetford argues that the order is nevertheless one of "practical finality," subject to review under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

We agree that the district court's order would be subject to interlocutory appeal if it fell within "that small class [of orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225–26. An order is appealable under the *Cohen* collateral order doctrine if it (1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. *Thompson v. Betts,* 754 F.2d 1243, 1246 (5th Cir.1985). The instant order clearly fails to meet the last requirement of this three part test: the district court's denial of Thetford's motion for a default judgment can be reviewed on appeal from the court's final judgment on the merits. Thus, Thetford's appeal does not fit within the *Cohen* collateral order doctrine.

## III.

We do not find that AFAA is due double costs, damages and attorneys fees. Although it can be argued that Thetford knew or should have known that the dis-

trict court's denial of his motion for default judgment was not appealable as a final order, no published Fifth Circuit opinion so stated. We thus cannot say that Thetford's "legal contentions lack[ed] any arguable merit, and are long-settled against him." *Hagerty v. Succession of Clemont,* 749 F.2d 217, 222 (5th Cir.1984).

## IV.

For the above reasons, the appeal of Thetford is DISMISSED and AFAA's request for costs, damages and attorneys fees is DENIED.