**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-10659

GEORGE S. ROBERTSON

Plaintiff-Appellant

VERSUS

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
For the Northern District of Texas

( 4:98-CV-981-BE )

July 12, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

Per Curiam:[*]

Plaintiff-appellant George Robertson filed an interlocuotry appeal of the district court's March 3, 1999, "gag order" restraining him from communicating with the media about his case against the United States. We construe the district court's order as having expired upon the final disposition of Robertson's suit,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

and therefore as having no continuing effect on the parties. Accordingly, we do not reach the merits of this issue, which is moot.

Robertson also appealed the district court's denial of his motion for default judgment against the United States. However, this court's jurisdiction is generally limited to appeals of final decisions of district courts. 28 U.S.C. § 1291 (2000). And, as this claim is not "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," Adult Film Ass'n of America, Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir. 1985), it is not susceptible to interlocutory review under the collateral order doctrine. Id. We therefore lack jurisdiction to consider Robertson's appeal of the district court's denial of his motion for default judgment.

Accordingly, the "gag order" appeal is dismissed as moot, and the motion for default judgment appeal is dismissed for lack of appellate jurisdiction.

Appeals DISMISSED.