United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-30846
Summary Calendar

———————————

ANTHONY W DOUGLAS, REGINA C DOUGLAS

Plaintiffs - Appellants

v.

CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE,
DEPT OF PUBLIC WORKS, for the Parish of East Baton Rouge,
FRED RAIFORD, Director of Department of Public Works,
GERALD BOYKINS, IRYS ALLGOOD

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-172-B-M1
--------------------

Before KING, Chief Judge, and EMILIO M. GARZA and BENAVIDES,
Circuit Judges.

PER CURIAM:[*]

In this civil rights case, plaintiffs challenge the district

court's orders setting aside an entry of default and denying

their motion for appointment of counsel. Plaintiffs also

complain of a denial of their summary judgment motion, however,

no such motion was ever filed. Rather, it appears that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

plaintiffs are challenging the order setting aside the entry of default judgement.

We do not have jurisdiction to review the district court's order setting aside the entry of default or its order denying plaintiffs' motion for default judgment, First, plaintiffs' notice of appeal did not evince an intent to appeal the denial of their motion for default judgment. See FED. R. APP. P. 4(a). Second, neither of these orders is a final order or an appealable interlocutory or collateral order. See 28 U.S.C. §§ 1291, 1292; see also Adult Film Ass'n of America, Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir. 1985). Accordingly, plaintiffs' appeal from these orders are DISMISSED for lack of jurisdiction.

An interlocutory order denying an application for the appointment of counsel in a 42 U.S.C. § 1983 case is immediately appealable. Robbins v. Maggio, 750 F.2d 405, 409-13 (5th Cir. 1985). However, a trial court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). This court will not reverse the district court's denial of such a motion unless the appellants show that the ruling constituted a clear abuse of discretion. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

Plaintiffs have not shown that the district court's order denying appointed counsel was a clear abuse of discretion.

Cupit, 835 F.2d at 86.  The district court's denial of their

motion for appointment of counsel is therefore AFFIRMED.