BLD-236                                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2493
_____

IN RE:  SHAUN WRIGHT,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 07-cv-00918)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 26, 2012

Before: SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  August 17, 2012)
_____

OPINION
_____

PER CURIAM

Petitioner Shaun Wright seeks a writ of mandamus to compel the United States

District Court for the Middle District of Pennsylvania to take action concerning a notice

of appeal.  We will deny the mandamus petition.

In 2007, Wright filed a civil rights complaint in the District Court.  The claims

were litigated over several years.  During the more recent procedural history, this Court

remanded the case for trial on Wright's claim that a police detective illegally seized

money orders from his girlfriend during a robbery investigation. The parties consented to the authority of a United States Magistrate Judge to conduct a trial and all further proceedings, in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. On December 12, 2011, Wright filed a motion for default judgment. The Magistrate Judge denied the motion on December 15, 2011. The matter proceeded to a non-jury trial, which was held on February 21, 2012. On May 1, 2012, the Magistrate Judge issued an opinion and order finding against Wright on the remaining claim. The District Court entered judgment in the defendants' favor on that same date.

Wright then filed his mandamus petition. The petition relates to the December 15, 2011 denial of his motion for default judgment. Wright, a state prisoner, asserts that he filed a notice of appeal from that decision on January 3, 2012, by handing it to prison officials for mailing. He also states that he received a stamped and signed prison mailroom receipt the next day, indicating that first class postage was paid for the item to be sent. Wright inquired about the status of his appeal on January 6, 2012, while he was at the courthouse for a morning pretrial conference. The appeal had not been docketed at the time, but he acknowledges in his mandamus petition that less than three days had passed since he had filed the notice via the "prison mailbox rule." He requested and received a copy of his District Court docket sheet, but the notice of appeal had not been docketed. He has received no acknowledgment from this Court or the District Court regarding his January 3, 2012 notice of appeal. Thus, he asks this Court for a writ of

2

mandamus to compel the District Court to rectify the situation, either by forwarding the notice of appeal to this Court, or by docketing the notice of appeal as timely filed.

The remedy of mandamus is appropriate to aid this Court's jurisdiction in extraordinary circumstances only. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998). To prevail, a petitioner must show, among other things, that there are no other available means to obtain the relief he seeks. Id. Moreover, mandamus petitioners must show a "clear and indisputable" right to the writ. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976).

As Wright acknowledges as part of his narrative, the District Court record is devoid of any indication that he made any attempt to file a notice of appeal on January 3, 2012. Aside from his early inquiry on January 6, 2012, Wright does not allege that he made any attempt to investigate the matter with the District Court. Wright requested an updated docket sheet, but his inquiry letter, received in April 2012, is stated generally and does not mention any concern over a missing notice of appeal. Wright does not support his mandamus petition with any exhibits, so we are left to consider his bare, unsupported allegations. On that point, Wright asserts that he did not have the opportunity to photocopy his mailroom receipt, so instead he included his certification, under penalty of perjury, that his allegations are true. He noted that he would provide a copy of the receipt when he is able, but to date, he has not done so. More critically, Wright has not submitted any evidence of the notice of appeal itself, and he makes no claim in his

3

mandamus petition that he could ever do so. Upon consideration, we conclude that mandamus relief is not warranted here.

We add that even if Wright had been successful in filing a notice of appeal on January 3, 2012, the December 15, 2011 order denying his motion for default judgment would not have been appealable at that time. Under 28 U.S.C. § 1291, this Court generally has jurisdiction only over "final decisions" of the district courts. A "final decision" is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 374-75 (1987) (citation omitted). A denial of a motion for a default judgment is not such a decision. See, e.g., Adult Film Ass'n of Am., Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir. 1985). The order would be appealable at the time of final judgment, and mandamus is not to be used as an alternative to an appeal. See In re Chambers Dev. Co., 148 F.3d at 223.

For the foregoing reasons, we will deny .