**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2145
_____

In re: JOHN E. REARDON,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for District of New Jersey
(Related to D.N.J. Civ. Nos. 1-15-cv-00244;
1-15-cv-05520 & 1-15-cv-08597)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 8, 2017
Before: MCKEE, JORDAN, and RESTREPO, Circuit Judges

(Opinion filed: July 7, 2017)
_____

OPINION[*]
_____

PER CURIAM

        John E. Reardon, who is a pro se plaintiff in three separate civil actions pending in

the United States District Court for the District of New Jersey, seeks a writ of mandamus

to compel the District Court to take various actions in these cases.  For the reasons set

forth below, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Reardon commenced the first action in January 2015 by filing a complaint in the District Court against the judges and other individuals involved in his divorce and custody proceedings, which evidently took place over two decades ago. D.N.J. Civ. No. 1-15-cv-00244. Reardon filed at least three motions for default judgment, all of which the court denied on the ground that Reardon had not complied with Rule 55 of the Federal Rules of Civil Procedure. The District Court also denied Reardon's request for recusal. This matter is still pending in the District Court.

Next, in July 2015, Reardon commenced a second action in the District of New Jersey against a different group of judges, court officers, and members of law enforcement who appear to have been involved in a criminal matter against Reardon in the early 1990s. D.N.J. Civ. No. 1-15-cv-05520. Reardon sought both a default judgment and recusal in this case too, but the District Court denied his requests. This matter is also still pending.

Reardon filed a third complaint in the District Court in December 2015, this time asserting that he was denied his right to a jury trial when he was fined for various traffic violations in 1988. D.N.J. Civ. No. 1-15-cv-08597. Reardon's efforts to obtain a default judgment and recusal failed in this case as well. The District Court subsequently granted the defendants' motion to dismiss, but Reardon's motion for reconsideration of the dismissal order is still pending.

Reardon now petitions this Court for a writ of mandamus to compel the District Court to enter a default judgment in his first two cases, and to "declare void" the District Judge's orders denying his requests for recusal in all three.

## II.

We will deny the petition. Mandamus is a drastic remedy that is granted in only extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, petitioners must establish that they have "no other adequate means" to obtain the relief requested, and that they have a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Mandamus may not be used as a substitute for appeal. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d at 378-79.

To the extent that Reardon asks us to compel the District Court to grant his motions for default judgment in D.N.J. Civ. Nos. 1-15-cv-00244 and -05520, mandamus relief is unavailable because he may obtain appellate review of the District Court's orders once these cases are finally resolved. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."); Adult Film Ass'n of Am., Inc., v. Thetford, 776 F.2d 113, 115 (5th Cir. 1985) ("[T]he district court's denial of [plaintiff's] motion for a default judgment can be reviewed on appeal from the court's final judgment on the merits."). Similarly, Reardon may not use mandamus as a substitute for an appeal to challenge the District Court's orders denying his requests for recusal in D.N.J. Civ. Nos. 1-15-cv-00244, -055201, or -08597.

3

To the extent that Reardon seeks recusal directly through mandamus, we will deny the request. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might be reasonably questioned." In re Kensington, 353 F.3d at 220. Although Reardon argues that the District Court's decisions in his three cases demonstrate bias, he does not point to anything in the record that would lead a reasonable person to agree.

III.

Accordingly, we will deny the mandamus petition.