# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2022

Lyle W. Cayce
Clerk

No. 22-40180

Thomas H. Clay,

*Plaintiff—Appellant*,

*versus*

Janis Hanson, *NP*; Dr. Georgia Nehotebah, *FNP/CMC*; Dr. Rivers; Bryan Edlier, *TDCK-Executive Director*; Bryan Collier,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CV-19

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Thomas H. Clay, Texas prisoner # 1124123, is a sanctioned litigant who previously has accumulated three strikes under 28 U.S.C. § 1915(g). He filed a 42 U.S.C. § 1983 action, which remains pending in the district court.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40180

Clay moves this court for leave to proceed in forma pauperis (IFP) to appeal the district court's interlocutory order denying a default judgment.

Clay challenges the determination that he was not entitled to a default judgment. He contends, inter alia, that the defendants did not timely respond to his suit and that the district court denied his motions for a default judgment without considering all of the relevant filings. Clay further asserts that he is under imminent danger of physical injury or death. Any argument as to the denial of his motion under Federal Rule of Civil Procedure 59(e) is not before this court because he did not appeal its disposition. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Fiess v. State Farm Lloyds*, 392 F.3d 802, 806 & nn.11-12 (5th Cir. 2004).

This court must examine the basis of its appellate jurisdiction, on its own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Courts of appeal have jurisdiction over appeals from final decisions under 28 U.S.C. § 1291, particular interlocutory decisions under 28 U.S.C. § 1292, and partial judgments certified as final under Federal Rule of Civil Procedure 54(b). *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006). Also, courts of appeal have jurisdiction over certain decisions under the collateral order doctrine. *Martin v. Halliburton*, 618 F.3d 476, 481-82 (5th Cir. 2010).

This appeal does not fall within any of the aforementioned categories. The denial of a motion for a default judgment is not an appealable order. *See Adult Film Ass'n of America, Inc. v. Thetford*, 776 F.2d 113, 115 (5th Cir. 1985).

Accordingly, the instant appeal is DISMISSED FOR LACK OF JURISDICTION. The motion to proceed IFP is DENIED.