NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

_____

2022-2096

_____

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00259-MCW, Senior Judge Mary Ellen Coster Williams.

_____

PER CURIAM.

## O R D E R

In their responses to this court's August 18, 2022, show cause order, the United States supports dismissal and Arthur Lopez opposes dismissal. We conclude that we lack jurisdiction and therefore dismiss the appeal.

After the government failed to timely respond to Mr. Lopez's complaint, the United States Court of Federal Claims entered default under Rule 55(a) of the Rules of the Court of Federal Claims ("RCFC"). The United States responded the next day, seeking vacatur of the entry of

default.  The Court of Federal Claims granted the government's request in an order issued on July 1, 2022.  Mr. Lopez appeals from that order.

This court only has jurisdiction over a "final decision" by the Court of Federal Claims, 28 U.S.C. § 1295(a)(3), and an order vacating entry of default does not "end the litigation on the merits and leave nothing for the court to do but execute the judgment," *Haggart v. United States*, 943 F.3d 943, 951 (Fed. Cir. 2019) (cleaned up); *see Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 512 (9th Cir. 1986); *cf. Parks By & Through Parks v. Collins*, 761 F.2d 1101, 1103–04 (5th Cir. 1985) (holding that even an order setting aside a default judgment "was interlocutory . . . and thus nonappealable" at the time it was entered).

Mr. Lopez argues that we have jurisdiction under 28 U.S.C. § 1292(d)(2),[*] but that provision requires that the appealed-from order include "a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation."  There is no such statement in the order vacating entry of default, Dkt. No. 17, and thus, this provision does not apply.  Mr. Lopez's reliance on *TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 695 n.1 (9th Cir. 2001), is misplaced because that case addressed certification under Federal Rule of Civil Procedure 54(b), not § 1292, which was found to be unnecessary because the district court "resolve[d] all claims with regard to all parties" such that the

---

[*]    Mr. Lopez, proceeding *pro se*, makes this argument based on § 1292(c), but that subsection relates to our jurisdiction of certain non-final orders from district courts.  Section 1292(d)(2) applies to certain non-final orders from the Court of Federal Claims.

"appeal [wa]s not premature."  Here, no such final judgment has been entered.

Mr. Lopez also attempts to invoke the collateral order doctrine, but we do not agree that the Court of Federal Claims' order vacating entry of default "conclusively determine[d a] disputed question," "resolve[d] an important issue completely separate from the merits of the action," or is "effectively unreviewable on appeal from a final judgment," *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013) (internal quotation marks and citation omitted).  *Cf. Wiggins v. Universal Prot. Servs., LLC*, No. 21-2652, 2021 WL 7287368, at *1 (3d Cir. Nov. 3, 2021) (holding that an order vacating entry of default is not an appealable collateral order at least because "the order will be reviewable on appeal from a final judgment" (citing *Adult Film Ass'n of Am. v. Thetford*, 776 F.2d 113, 115 (5th Cir. 1985))).

We have considered each of Mr. Lopez's arguments and find them to be without merit.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Any pending motions are denied as moot.

(3)  Each party shall bear its own costs.

FOR THE COURT

October 18, 2022                          /s/ Peter R. Marksteiner
        Date                               Peter R. Marksteiner
                                           Clerk of Court