**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1632, 22-1633, 22-1634, 22-1635 & 22-1636 (Cons.)
_____

JENN-CHING LUO,
Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; GEOFFREY BALL;
CATHY A. SKIDMORE; KERI KOLBAY; SHARON W. MONTANYE
_____

JENN-CHING LUO,
Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; GEOFFREY BALL;
SHARON W. MONTANYE; SWEET STEVENS KATZ WILLIAMS LLP;
THE PENNSYLVANIA DEPARTMENT OF EDUCATION
_____

JENN-CHING LUO,
Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT;
THE PENNSYLVANIA DEPARTMENT OF EDUCATION
_____

JENN-CHING LUO,
Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; SHARON W. MONTANYE;
SWEET STEVENS KATZ WILLIAMS LLP; JAMES GERL;
THE PENNSYLVANIA DEPARTMENT OF EDUCATION

_____

JENN-CHING LUO,
Appellant

v.

OWEN J. ROBERTS SCHOOL DISTRICT; DAN O'BRIEN;
MICHAEL J. MCELLIGOTT; PENNSYLVANIA DEPARTMENT OF EDUCATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2:14-cv-06354, 2:16-cv-06568,
2:17-cv-01508; 2:21-cv-01098; 2:21-cv-05000)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2023

Before: JORDAN, CHUNG, and NYGAARD, Circuit Judges

(Opinion filed:  August 30, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In these five consolidated appeals, pro se appellant Jenn-Ching Luo challenges a District Court order purporting to dismiss "all" of his claims in three separate actions. We conclude that the order is final and immediately appealable only as to one case, but that it is not immediately appealable as a final judgment or under the collateral order doctrine with respect to the remaining cases. We will therefore affirm in part and dismiss in part for lack of jurisdiction.[1]

This matter arises out of suits brought by Luo, the father of B.L., a special needs student in the Owen J. Roberts School District, challenging the process by which he sought education services for B.L. The litigation has a complicated procedural history which we briefly discuss here.

Initially, Luo[2] filed an administrative due process complaint alleging that the School District failed to provide B.L. with a Free Appropriate Public Education (FAPE), as required by the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, et seq. In particular, the complaint challenged the School District's decision to deny B.L. placement in a residential program and alleged that certain procedural violations denied Luo meaningful participation in B.L.'s educational programming.

---

[1] We initially reached this conclusion in a June 15, 2023, opinion. Because we had raised the jurisdictional issue sua sponte, we later granted Lou's petition for panel rehearing to consider the jurisdictional arguments in his petition. Having done so, we issue this new opinion, again affirming in part and dismissing in part for lack of jurisdiction.

[2] Although B.L.'s mother joined in the due process complaint and other administrative filings, we note only Luo's participation, as he is the only Plaintiff/Appellant.

Following a hearing in August 2014, Hearing Officer Cathy A. Skidmore ordered an independent educational evaluation (IEE) in order to determine B.L.'s needs regarding residential placement and to compensate the parents for certain procedural violations. Luo objected in writing to the decision to obtain an IEE and advised of his intent to appeal. The School District nevertheless proceeded to obtain an IEE, which was conducted by Keri Kolbay, a school psychologist, based on B.L.'s educational records. It revised B.L.'s Individual Education Plan (IEP) based on Kolbay's recommendations in the IEE, again over the parents' objections.

Luo filed a complaint at E.D. Pa. Civ. No. 2:14-cv-06354 (Luo I),[3] challenging the Hearing Officer's decision to order the IEE; that count was brought pursuant to 20 U.S.C. § 1415(i)(2), which provides a party aggrieved by a hearing officer's decision under the IDEA the right to bring a civil action in a district court. The complaint also alleged claims pursuant to 42 U.S.C. § 1983 for violations of his Fifth and Fourteenth Amendment due process rights.[4] Luo named as defendants the School District, Geoffrey Ball, a Special Education Supervisor with the School District, and Skidmore. He later

---

[3] Unless otherwise noted, all ECF references are to this district court docket.

[4] Luo also filed four additional administrative due process complaints, which were consolidated. The Hearing Officer found in favor of Luo on all issues, concluding, inter alia, that the School District erred in procuring the IEE while the parents' appeal was pending, and violated the parents' procedural due process rights by releasing B.L.'s records to Kolbay without their consent. See E.D. Pa. Civ. No. 2:15-cv-02952 (Luo II) ECF No. 15-1 at 19. The School District filed a complaint in the District Court seeking review. See Luo II. That case is not part of this appeal.

amended his complaint to add the School District's counsel, Sharon Montanye, and Kolbay.

In an order entered October 31, 2016, the District Court, adopting in part a Magistrate Judge's Report and Recommendation (R&R), dismissed with prejudice the claims against Skidmore and Montanye, and all Fifth Amendment and IDEA claims. See ECF No. 48. The remaining claims against the School District were dismissed without prejudice to Luo's right to replead the claims in a second amended complaint. The District Court denied Ball and Kolbay's motions to dismiss without prejudice to their right to raise the same defenses in a motion to dismiss a second amended complaint. In that same order, the District Court addressed Luo II and a related action filed by Luo at E.D. Pa Civ. No. 2:15-cv-04248 (Luo III). Regarding Luo III, the District Court dismissed certain claims with prejudice; the remaining claims, which it determined were substantially identical to claims raised in Luo I, were dismissed without prejudice to Luo presenting those claims, and "any claims not dismissed with prejudice" in Luo I, in a "second amended consolidated complaint" to be filed in Luo I within 30 days. Finally, the District Court closed the matter in Luo III.

Luo filed a timely motion for reconsideration of the order and a motion to reopen Luo III. The District Court denied the motions, stating that "Luo shall have until December 23, 2016 to file a second amended consolidated complaint in [Luo I] setting forth all claims not dismissed with prejudice in either [Luo I or Luo III]. Failure to file this document by that date shall result in the dismissal with prejudice of all claims

5

dismissed without prejudice in my October 31, 2016 amended order." ECF No. 59 at 2. Rather than file an amended complaint, Luo appealed the dismissal order.[5] The District Court stayed the matter in Luo I, pending the appeal. See ECF No. 60.

Over time, Luo filed four more complaints related to B.L.'s education services. See E.D. Pa. Civ. Nos. 2:16-cv-06568 (Luo IV); 2:17-cv-01508 (Luo V); 2:21-cv-01098 (Luo VI); & 2:21-cv-05000 (Luo VII). In May 2021, the District Court entered an order consolidating Luo I, Luo II, Luo IV, Luo V, and Luo VI, along with another case not at issue here, for administrative purposes only. See ECF No. 83. By order entered March 21, 2022, the District Court granted the defendants' motions to dismiss and dismissed with prejudice "all of plaintiff's claims" in Luo I, Luo VI, and Luo VII. ECF No. 107. Luo filed a notice of appeal from that order, which was filed in each of those cases. He also filed a notice of appeal in Luo IV and Luo V, citing the March 21 order, and arguing for an "interlocutory appeal" in those cases. See E.D. Pa. Civ. Nos. 2:16-cv-06568, ECF No. 30 at 2 n.1; 2:17-cv-01508, ECF No. 25 at 2 n.1. The appeals were consolidated for all purposes by Clerk order.

Although the parties agree that we have jurisdiction over the appeals before us, "we have an independent duty to satisfy ourselves of our appellate jurisdiction regardless

---

[5] As pertinent here, we affirmed the District Court's order to the extent it dismissed the claims without prejudice in Luo III, noting that the "effective consolidation of the two complaints was purely for administrative efficiency and had no effect on Luo's ability to proceed with these causes of action." Luo v. Owen J. Roberts Sch. Dist., 737 F. App'x 111, 115 (3d Cir. 2018) (per curiam).

of the parties' positions." Papotto v. Hartford Life & Accident Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013) (citation omitted). Generally, our jurisdiction under 28 U.S.C. § 1291 is limited to "final decisions of the district courts." A final order ends the litigation on the merits and leaves nothing for the District Court to do but execute the judgment. See Republic Nat. Gas Co. v. Oklahoma, 334 U.S. 62, 68 (1948). The order must end the litigation as to all claims and all parties. See Andrews v. United States, 373 U.S. 334, 340 (1963). If the order is final as to any one of the consolidated cases, we have jurisdiction over the appeal in that case. See Hall v. Hall, 138 S. Ct. 1118, 1131 (2018) (recognizing that when "one of several consolidated cases is finally decided, a disappointed litigant is free to seek review of that decision in the court of appeals" even if one of the other consolidated cases remains pending).

### Luo I, Luo IV, Luo V & Luo VI

In the memorandum opinion accompanying its March 2022 dismissal order, the District Court noted that the complaint in Luo I "sought review of the Hearing Officer's Decision" pursuant to § 1415(i)(2) and alleged § 1983 claims, among others, against the various defendants. See ECF No. 106 at 6. But the District Court never addressed the § 1415(i)(2) count in either its opinion or order, nor had it disposed of the claim in its October 2016 dismissal order. In their initial motion to dismiss filed in 2015, the School District and Ball asserted that "the only cognizable claim in [Luo's] Amended Complaint is his request for this Court to review the administrative special education due process hearing pursuant to 20 U.S.C. § 1415(i)(2)(A)." ECF No. 12-1 at 13. At that time, the

Magistrate Judge recommended denying in part Ball and Kolbay's motions to dismiss without prejudice because resolution of certain claims could be impacted by the outcome of the § 1415(i)(2) claims in Luo I and Luo II challenging the Hearing Officers' decisions. See ECF No. 35 at 2, 16-17, 24-27. The District Court never resolved the § 1415 claims in either of those cases.

We also agree with Luo that the § 1983 claims against Ball in Luo I remain outstanding. In describing the "Facts and Procedural Background" of Luo I in its March 2022 opinion, the District Court stated that the R&R was "approved and adopted," that "Luo's claims were dismissed outright, or . . . eventually dismissed for failure to state a claim upon which relief can be granted." ECF No. 106 at 7. But only the Fifth Amendment and IDEA claims against Ball were dismissed with prejudice in 2016; Ball's motion to dismiss was otherwise denied. See ECF No. 48 at 2.[6] The District Court's March 2022 order purported to dismiss "all of Plaintiff's claims" in Luo I with prejudice. ECF No. 107 at 2. However, the accompanying opinion addressed the claims against the

_____

[6] The remaining claims against Ball include "Claim 1" (failure to give prior notice of the inclusion of a parent training provision in B.L.'s IEP) and "Claim 2" (issuing a Notice of Recommended Educational Placement (NOREP) absent authority), which the Magistrate Judge concluded were properly pled. The R&R noted that the hearing officer had issued a decision, which neither Luo nor the School District appealed, finding that the School District's "IEP and NOREP of June 2014 did violate the procedural protections in the IDEA." ECF No. 35 at 24-25. As a result, the Magistrate Judge concluded, "it simply cannot be said, as a matter of law, that Claims 1 and 2 do not plausibly state claims for which relief might be granted." Id. at 25.

8

School District and Ball in Luo VI and Luo VII;[7] the remaining claims against Ball from the amended complaint in Luo I were never addressed.[8]

The District Court also failed to address the § 1415 counts raised in Luo VI. The complaint in that case challenged Hearing Officer James Gerl's decisions to dismiss two due process complaints and requested that the District Court "vacate [the] hearing officer's order[s]." E.D. Pa. Civ. No. 2:21-cv-01098, ECF No. 1 at 2, 10-14. In reciting the background facts of Luo VI, the District Court stated that Luo asked it to vacate one of the hearing officer's decisions, apparently raising an IDEA claim under § 1415. See ECF No. 106 at 9. Nevertheless, in its discussion dismissing abuse of process and civil conspiracy claims against Gerl, the District Court specifically stated that "[i]f [Luo] believed that Defendant Gerl made an error, it was [Luo's] right to appeal any of Defendant Gerl's rulings and, instead, [Luo] filed this lawsuit against him an in attempt to get the same relief that should have been raised in an appeal." Id. at 18. Thus, it is clear the § 1415 counts in Luo VI remain outstanding.

---

[7] The District Court also addressed in its opinion claims that were presented in the complaint in Luo IV, although they were not dismissed in the order, nor did the District Court indicate that it was considering that case. See ECF Nos. 106 at 5-6, 19-22, 25-26; 107.

[8] In a footnote, the District Court indicated that the dismissal of the claims in Luo I was affirmed by this Court. See ECF No. 106 at 26 n.9. But we considered only the appeal of Luo III, affirming the District Court's dismissal of Luo's claims in that action without prejudice to his filing an amended complaint in Luo I to include those claims. See Luo, 737 F. App'x at 115. And, as Luo argues, he was not required to amend his complaint in any event. See id. at 114-15 (noting that Luo chose not to file a second amended complaint but rather elected to stand on his complaint in Luo III).

Because the March 21, 2022 order did not resolve all claims as to all parties in either Luo I or Luo VI, it is not a final order for purposes of § 1291 as to those cases. Nor is the dismissal order appealable in those cases under the collateral order doctrine because it is effectively reviewable on appeal from the final judgment. Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 103 (2009) (noting that the collateral order doctrine provides for appeal of "a small set of prejudgment orders that are 'collateral to' the merits of an action and 'too important' to be denied immediate review").[9] We will therefore dismiss the appeals in C.A. Nos. 22-1632, 22-1633, 22-1634 and 22-1635 for lack of jurisdiction.

Luo VII

In June 2021, Luo filed a due process complaint alleging that the School District failed to follow the IDEA regulations in preparing an April 2021 reevaluation report, including failing to provide him proper written notice regarding the reevaluation and failing to properly assess B.L. He requested that the Hearing Officer, Michael J.

---

[9] Turning to the appeals in Luo IV and Luo V, Luo argues in his notices of appeal that this Court should consider interlocutory appeals in those cases to the extent that the District Court's order denied his motion to strike the motions to dismiss and his motion for default judgment. The District Court's order did not dismiss the claims in Luo IV or Luo V, nor does it appear that it ruled on Luo's motions to strike and for entry of default in those cases. See ECF No. 107. Even assuming it had addressed those motions, the order would not be immediately appealable under the collateral order doctrine. See Mohawk, 558 U.S. at 103; see also Adult Film Ass'n of Am., Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir. 1985) (holding that the denial of a motion for default judgment is not appealable under the collateral order doctrine).

McElligott, strike the reevaluation report.[10] The School District disputed the complaint. The Hearing Officer determined that the reevaluation process and report were appropriate; however, because the parties "misunderstood" each other's position regarding aspects of the reevaluation process, he ordered another independent reevaluation (IEE). E.D. Pa. Civ. No. 2:21-cv-05000, ECF No. 14-2 at 11.[11] In his complaint filed in the District Court, Luo sought to vacate Hearing Officer McElligott's decision, challenging his determination that the reevaluation was appropriate and his authority to sua sponte order an IEE. The complaint also brought § 1983 claims against the School District, Dan O'Brien (the school psychologist who evaluated B.L. and wrote the reevaluation report), Hearing Officer McElligott, and the Pennsylvania Department of Education (PDOE), related to the reevaluation report and process, and the due process hearing. The District Court determined that the School District was not liable for the denial of a FAPE, thereby denying any claim that may have arisen under § 1415(i)(2), and that the claims also failed to state a claim for relief pursuant to §1983.[12] See ECF No. 106 at 33-35. Because the District Court disposed of all of Luo's claims, we have jurisdiction over the appeal in Luo VII. See Hall, 138 S. Ct. at 1131.

---

[10] Reevaluations of each child with a disability are conducted to determine ongoing disability and educational needs. See 34 C.F.R. §§ 300.301, 300.305.

[11] All ECF references hereafter are to this district court docket (Luo VII).

[12] While Luo only alleged violations of § 1983 in his complaint, many of the allegations related to procedures and rights under IDEA. Luo also sought remedies available under the IDEA, such as compensatory education. The District Court, apparently construing the pro se complaint liberally, thus considered the claims under both IDEA and § 1983.

11

On appeal, Luo challenges the dismissal, arguing that the alleged IDEA procedural violations resulted in the denial of a FAPE. See Appellant's Br. at 63. A procedural violation may rise to the level of a denial of a FAPE if it "causes substantive harm to the child or his parents." C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 66 (3d Cir. 2010). "[S]ubstantive harm occurs only if the preponderance of the evidence indicates that the procedural inadequacies (i) [i]mpeded the child's right to a FAPE; (ii) significantly impeded the parent's opportunity to participate in the decision-making process regarding the provision of a FAPE to the parent's child; or (iii) caused a deprivation of the educational benefit." Id. at 67. Luo maintained that "a sequence" of procedural violations, when viewed cumulatively, resulted in the denial of a FAPE. But he wholly failed to allege facts to support a viable claim of substantive harm. Thus, because these allegations were insufficient as a matter of law to hold the School District liable under IDEA, the District Court properly found the complaint did not state an IDEA claim and dismissed on that basis.

Turning to his § 1983 claims, Luo alleged that the School District and O'Brien violated his "liberty right to direct his child's education" by (1) allowing O'Brien to twice observe B.L. in the classroom without parental consent, citing 34 C.F.R. § 300.310(b)(2); and (2) deciding to forego an updated assessment of B.L. as part of the reevaluation, and failing to communicate that decision to the parents. See ECF No. 1 at 18-20. It has long been recognized that parents have a constitutional right to control the education of their

12

children.  See C.N. v. Ridgewood Bd. of Educ., 430 F.3d 159, 182 (3d Cir. 2005) (citing cases).  But that right is "neither absolute nor unqualified."  Id.

As the Hearing Officer explained, § 300.310(b)(2) requires parental consent for an evaluation or reevaluation process itself; there is no regulation requiring parental consent for an observation alone, whether conducted as part of an evaluation or reevaluation.  See ECF No. 11-2 at 10 n.5.  And although the regulations generally require notice to parents of their right to request an assessment to determine whether the child continues to be a child with a disability and the child's educational needs, see 34 C.F.R. § 300.305, Luo does not allege how any procedural violation substantially interfered with his ability to control B.L.'s education.  The reevaluation report, which was based in part on (1) O'Brien's observations, (2) input from B.L.'s parents, staff at the educational placement, and related services providers, (3) "extensive and consistent assessment data from the prior re-evaluations," and (4) the January 2021 IEP, recommended that B.L. continue to be identified as a student with ongoing (and long-established) disabilities.[13]  ECF No. 14-2 at 5-7 & n.5.  Because there is no alleged conduct by either O'Brien or the School

---

[13] In his complaint, Luo made passing references to a "parent[al] concern" of a "suspected disability" which might have been assessed as part of the reevaluation.  See ECF No. 1 at 5, 16.  He does not identify the nature of the suspected disability or how it might impact B.L.'s ability to obtain a FAPE.  In his decision, the Hearing Officer noted that Luo did not disagree with B.L.'s areas of suspected disability.  See ECF No. 14-2 at 10 n.5.  During his closing argument at the due process hearing, Luo stated that "the evaluator did not assess the student's all 'suspected disabilities.'  Parent's concern is a suspected disability."  Id.  The Hearing Officer stated that "[a]side from these two lines in the closing statement, the entire record, and the rest of the closing statement itself, centers on procedural elements, not substantive elements, of the re-evaluation process."  Id.

District that would "shock the conscience" and thereby rise to the level of a constitutional violation, Luo's § 1983 claims against them were properly dismissed. See Miller v. City of Philadelphia, 174 F.3d 368, 374-75 (3d Cir. 1999) (recognizing that to state a substantive due process claim under § 1983, the plaintiff must allege conduct by a government actor that "shocks the conscience").

Luo next alleged that Hearing Officer McElligott violated his "liberty right to direct his child's education" by sua sponte ordering an IEE. We agree with the District Court that McElligott is entitled to absolute immunity because he was acting in a quasi-judicial capacity in ordering the IEE. See Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006) (recognizing that a public official whose "role is 'functionally comparable to that of a judge'" enjoys absolute immunity from suit); Cleavinger v. Saxner, 474 U.S. 193, 200 (1985) (recognizing that hearing officers and administrative law judges "who perform functions closely associated with the judicial process" are entitled to absolute immunity).

At the close of the due process hearing, the Hearing Officer determined that the evaluation process and reevaluation report were "both appropriate," and that "both parties proceeded in good faith," but that each party "misunderstood" the other's position with respect to the need for "additional data-collection" (i.e., a new assessment). ECF No. 14-2 at 11. Under these circumstances, the Hearing Officer ordered the School District to

14

fund a comprehensive IEE, citing his authority under 34 C.F.R. § 300.502(d).[14]  Id.  Luo

argues that the Hearing Officer does not have authority to sua sponte order the IEE under

§ 300.502(d) where the parent opposes it, and that he is therefore not entitled to

immunity.  But the Hearing Officer would lose the privilege of quasi-judicial immunity

only if he acted "in the clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S.

349, 356-57 (1978).  Even if the Hearing Officer's action "was in error, was done

maliciously, or was in excess of his authority," he is entitled to absolute immunity for his

judicial acts.  Id. at 356; see also Figueroa v. Blackburn, 208 F.3d 435, 443 (3d Cir. 2000)

(explaining that a "judicial act" is one that is "normally performed by a judge").  The

Hearing Officer had authority over the proceedings pursuant to 34 C.F.R. § 300.511, and

he acted within the scope of his jurisdiction in ordering the IEE as a remedy.  Because he

is therefore entitled to immunity, the claim against him was properly dismissed.

Finally, we agree with the District Court that all claims against the PDOE were

subject to dismissal.  Luo is correct that the PDOE is not entitled to Eleventh Amendment

immunity from claims brought pursuant to the IDEA.  See M.A. ex rel. E.S. v. State-

Operated Sch. Dist. of City of Newark, 344 F.3d 335, 351 (3d Cir. 2003) (holding that a

state's acceptance of federal funds available under the IDEA is conditioned upon its

waiver of sovereign immunity).  But Luo's claims against the PDOE were based on

---

[14] Section 300.502(d) provides: "Requests for evaluations by hearing officers.  If a hearing officer requests an independent educational evaluation as part of a hearing on a due process complaint, the cost of the evaluation must be at public expense."

§ 1983, not the IDEA, and as an "arm of the state," the PDOE is immune from such claims. See Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) (noting that a state agency or department is an "arm of the state" when a judgment against it "would have had essentially the same practical consequences as a judgment against the State itself" (citation omitted)); see also Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020) (noting that Pennsylvania has not waived the immunity defense and Congress has not abrogated Eleventh Amendment immunity under § 1983).

Based on the foregoing, in C.A. No. 22-1636, we will affirm the District Court's order entered March 21, 2022, to the extent that it dismissed the claims in E.D. Pa. Civ. No. 2:21-cv-05000 (Luo VII), and we will dismiss for lack of jurisdiction the remaining appeals taken in E.D. Pa. Civ. Nos. 2:14-cv-06354 (Luo I), 2:16-cv-06568 (Luo IV); 2:17-cv-01508 (Luo V); and 2:21-cv-01098 (Luo VI). We are mindful that the latter cases have been pending for years, but we are confident that the proceedings in the District Court will resume forthwith and will conclude without unnecessary delay.[15]

---

[15] Appellee Gerl's motion to supplement the appendix is granted. Appellant's Motion to Collaterally Attack and Strike the District Court's Orders is denied.