BLD-096                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1337
_____

IN RE: RAJ K. PATEL,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D.C. Civil Action No. 1:24-cv-00021)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 4, 2024
Before:   BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 17, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se litigant Raj Patel petitions for a writ of mandamus directing the Clerk of the

United States District Court for the District of Delaware to enter a default and a default

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

judgment in Patel's favor in a lawsuit that he has brought against United Parcel Service, Inc. ("UPS"). For the reasons that follow, we will deny Patel's petition, as amended.[1]

## I.

Patel commenced his lawsuit against UPS in January 2024. In February 2024, Patel asked the District Court Clerk to enter a default and a default judgment against UPS. A few days later, Patel filed this mandamus action. He then filed additional requests for a default and a default judgment in the District Court. On March 22, 2024, the District Court denied Patel's requests for a default and a default judgment, explaining that "service [of UPS] has yet to be effected," and that UPS "is under no obligation to respond to [Patel's] Complaint until formally served or until it has waived service." (Dist. Ct. Order entered Mar. 22, 2024.)

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show, inter alia, that "no other adequate means [exist] to attain the relief he desires." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (citation to quoted case omitted). Patel has not made that showing here, for he may challenge the District Court's denial of his requests for a default and a default judgment in an appeal from the District Court's entry

---

[1] Although Patel has amended his petition several times, the mandamus relief that he is seeking — an order directing the District Court Clerk to enter a default and a default judgment against UPS — has remained unchanged.

of a final decision in his case.[2]  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d

Cir. 2000); Adult Film Ass'n of Am., Inc. v. Thetford, 776 F.2d 113, 115 (5th Cir. 1985)

(per curiam); see also Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that

"a writ of mandamus may not issue if a petitioner can obtain relief by appeal").

In view of the above, we will deny Patel's mandamus petition, as amended.[3]

---

[2] We take no position on the merits of such an appeal.

[3] Patel's motion to expedite our resolution of this mandamus action is denied.